IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ALEX DENHAM                                                                               PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:08cv451-LRA

CHRISTOPHER EPPS, COMMISSIONER
OF MISSISSIPPI DEPARTMENT OF CORRECTIONS                     DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

Alex Denham [hereinafter "Plaintiff"], *pro se,* and Pelecia Hall, counsel for Christopher Epps [hereinafter "Defendant"], appeared before the undersigned United States Magistrate Judge on the 18th day of February, 2009, for an omnibus hearing. Jurisdiction of this case is based upon 42 U.S.C. § 1983, and, pursuant to the parties' consent, it was assigned to the undersigned United States Magistrate Judge for all purposes by Order [docket entry number 25] entered by the District Judge Henry T. Wingate on February 27, 2009.

This hearing was scheduled to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and to determine if they are sufficient to maintain the case under 28 U.S.C. §1915A and § 1915(e)(2)(B). These statutes require the Court to screen complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in 1915A as follows:

1

(b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendant, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The Court, having carefully reviewed the complaint, the sworn testimony of Plaintiff, and the applicable law, finds that the claims of Plaintiff are insufficient in law to state a cause of action under §1983. Accordingly, Plaintiff's complaint will be dismissed as legally frivolous for the reasons set forth below.

Plaintiff initially named as Defendants the Barber's Examining Board, the State Health Department, and the Centers for Disease Control and Prevention. These Defendants were dismissed by Chief District Judge Henry T. Wingate by Order [#6] filed on September 25, 2008. Process only issued for Commissioner Christopher Epps, and he has filed an Answer to the Complaint.

Plaintiff is presently in the custody of the Mississippi Department of Corrections at the Central Mississippi Correctional Facility ["CMCF"] in Pearl, Mississippi. He lists six "causes of action" in the Complaint as follows:

1. Personal injuries;
2. Violation of state laws of barbering;

3. Violation of health and welfare codes;

4. Negligence, liability under miscellaneous circumstances;

5. Neglect of duties;

6. Violation of 8th Amendment.

Plaintiff augmented his claims by sworn testimony at the omnibus hearing. According to Plaintiff, he was first incarcerated at CMCF on October 18, 2006. He was transferred to the penitentiary at Parchman, Mississippi, in December, 2006, and then to the South Mississippi Correctional Institute ["SMCI"] in Leakesville, Mississippi, on November 29, 2007.

Plaintiff received haircuts at each of the prisons. However, while at SMCI, Plaintiff got a haircut from the barbershop there. On one occasion, the barber cut his head too deep. He requested to be taken to the infirmary, but the guards would not allow him to go at that time. About six days later, after pus and blood began running out of the cut spots on his head, he was allowed to go to the doctor.

The doctor who treated him told him that he suffered from a staph infection and prescribed a medication to treat it. The infirmary called him to come in every night for two-three weeks in order that medication could be applied to his head. Plaintiff testified that these cuts and the staph infection healed completely after about three weeks. According to Plaintiff, he now has "herpes behind it," [the cuts] and he did not have this condition prior to the haircut. He also began getting headaches after the haircut. Plaintiff is no longer housed at SMCI.

3

According to Plaintiff, the barber who cut his hair did not clean his clippers properly and violated the Barbers' Examiners Board's rules and regulations. Because many inmates have communicable diseases, it is dangerous to have a haircut at the prison barbershop. Plaintiff requests injunctive relief, as well as $1 million for actual damages, $4 million for emotional stress, and $4 million for punitive damages.

Plaintiff seeks a judgment against the Commissioner of MDOC, Christopher Epps. Plaintiff concedes that Commissioner Epps was not involved in his haircut in any way and did not work in the barbershop or have any direct contact with the barbershops at either SMCI, Parchman, or CMCF. He also testified that as far as he knew, Commissioner Epps did not know anything about Plaintiff's haircut or his injuries. Plaintiff contends that Defendant Epps is liable to him due to his role as the Commissioner over the prison system. Plaintiff contends that he was negligent [See Complaint, document 2, page 4, First and Fourth Causes of Action]. Plaintiff contends that Defendant took an oath not to "ill treat prisoners," and he broke that oath; Defendant neglected his duties under Miss. Code Ann. § 47-5-138. *Id.*, Fifth Cause of Action.

Plaintiff concludes that Defendant Epps is liable to him because he is "over" the prisons and the barbershops and, therefore, responsible for his injuries. However, the Court finds there are insufficient facts stated by Plaintiff to sustain a claim of supervisory liability under section 1983. There is no vicarious liability under section 1983. Monell v. Department of Social Services, 436 U.S. 658, 691-95 (1978). Fifth Circuit precedent requires either **personal involvement by an individual Defendant**

4

in the alleged violation, or the **enforcement of some policy or practice resulting in the constitutional deprivation.** Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999); Stewart v. Murphy, 174 F.3d 530, 536-37 (5th Cir. 1999); Alton v. Texas A & M University, 168 F.3d 196, 200 (5th Cir. 1999). To maintain a § 1983 action, Plaintiff must prove that Defendant was personally involved in the actions he complains of, or was responsible for the policy or custom giving rise to the constitutional deprivation. McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989).

Plaintiff's case is not based on Commissioner Epps' personal involvement in the incident wherein Plaintiff's head was cut. There is no policy at SMCI that prisoners' heads should be cut when haircuts are given; it is *not* a policy either of the prison or the barbershop that Defendant Epps enforced. The individual barber was negligent in cutting Plaintiff's head and not following prison policy. The law is clear that § 1983 liability may not be based upon a theory that a defendant was liable in a supervisory capacity--- known in the law as the theory of *respondeat superior.* Booker v. Koonce, 2 F.3d 114, 116 (5th Cir. 1993), citing Monell, 436 U.S. at 694. Accordingly, there is no genuine issue of material fact which would necessitate a trial in this cause. Defendant is entitled to a judgment at law.

Plaintiff has failed to present an arguable constitutional claim against Defendant Christopher Epps. Accordingly, his Complaint is frivolous[1] and fails to state a claim on

---

[1]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a

which relief may be granted under 28 U.S.C. 1915(e)(2)(B). Since this case is dismissed pursuant to these provisions of the Prison Litigation Reform Act, it will be counted as a "strike." [2] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A Final Judgment in favor of Defendant shall be entered on this date.

IT IS SO ORDERED, this the 7th day of August, 2009.

                                                  S/ Linda R. Anderson
                                  UNITED STATES MAGISTRATE JUDGE

---

tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995)

[2] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.